# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                                            CASE NO. 4:10cr52-RH/WCS

SHANNA MICHELLE LEWIS,

      Defendant.

_____/

## ORDER DENYING THE MOTION TO DISMISS

     A grand jury indicted the defendant Shanna Michelle Lewis on ten counts of bank fraud, nine counts of making or uttering forged securities, and a single count of aggravated identity theft in violation of 18 U.S.C. § 1028A. She has moved to dismiss the identity-theft count on the ground that the statute, properly construed, does not extend to the conduct at issue. She has agreed with the government to plead guilty to a single count of bank fraud, a single count of making or uttering a forged security, and—if the motion to dismiss is denied—the single count of identity theft. The identity-theft plea would be conditional, preserving the defendant's right to appeal the denial of the motion to dismiss. In exchange for the plea, the government would dismiss the remaining bank-fraud and forged-security

counts.

It is not at all clear that a motion to dismiss is an available means for a challenge to a statute's applicability of the kind Ms. Lewis asserts. But even if the substantive issue cannot be raised by a motion to dismiss, the issue will be presented as part of the determination of whether there is a factual basis for the proposed plea. This order concludes that Ms. Lewis's substantive contention is incorrect; the statute *does* apply to conduct of the kind Ms. Lewis is charged with. The motion to dismiss will be denied, and the conditional plea to the identity-theft count—if Ms. Lewis chooses to enter the plea—will not be rejected for lack of a factual basis.

The relevant portion of the identity-theft statute, 18 U.S.C. § 1028A(a)(1), provides that a person commits the offense if, "during and in relation to" a felony of a specified kind—including bank fraud—the person "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person." Another statute explicitly defines "means of identification":

> the term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any—
>
> > (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;

> (B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;
>
> (C) unique electronic identification number, address, or routing code; or
>
> (D) telecommunication identifying information or access device (as defined in section 1029 (e)) . . . .

18 U.S.C. § 1028(d)(7). The definition applies to § 1028A. *See* § 1028(d) (stating that its definitions apply "in this section and section 1028A").

The indictment charges Ms. Lewis with bank fraud. She committed the offense by preparing corporate checks payable to herself. She affixed to the checks the facsimile signature of an actual individual identified in the indictment as "T.B." She deposited the checks to her own accounts, thus embezzling the corporation's funds. As is undisputed, this constituted the offense of bank fraud and making or uttering a forged security.

This conduct also violated the identity-theft statute. Ms. Lewis knowingly "used" T.B.'s name—a "means of identification"—by affixing his name to the checks. The name was used "during and in relation to" the bank-fraud and forged-security offenses. And the name was used "without lawful authority," as Ms. Lewis surely knew. All of this is rather obvious from the facts alleged by the government and the plain terms of the statute.

That the "name" at issue was in the form of a signature on a corporate check

does not change this. A name is no less a name when written in cursive or affixed electronically. And a name is no less used when included on a corporate check than when used on a personal check or credit application or some other document or instrument. The Eleventh Circuit has so held, and there apparently is no circuit decision to the contrary. *See United States v. Raines*, 359 F. App'x 966, 967-68 (11th Cir. 2010) (affirming under plain error review a § 1028A conviction for forging an endorsement on, and cashing, another person's social security check); *United States v. Cook*, 336 F. App'x 875, 877 (11th Cir. 2009) (affirming under plain error review a § 1028A conviction for passing a fraudulent corporate check bearing a forged signature of a person authorized to sign on the account); *see also United States v. Silva*, 554 F.3d 13, 23 n.14 (1st Cir. 2009); *United States v. Blixt*, 548 F.3d 882, 886-88 (9th Cir. 2008) (affirming conviction under § 1028A: the "Aggravated Identity Theft statute defines the term 'means of identification' in a way that makes reasonably clear that forging another's signature on a check constitutes the use of a means of identification"); *United States v. Johnson*, 261 F. App'x 611, 613-14 (4th Cir. 2008) (finding that when checks were drawn against a corporation named after its founder, the use of the name of the founder either in the company name or as the forged signatory was sufficient to sustain a § 1028A conviction).

      Ms. Lewis asserts, though, that Congress did not intend for § 1028A to reach

conduct of this kind.  The contention fails for two reasons.  First, when Congress adopts a statute as clear as this one, a court ought not rewrite to accomplish what the court thinks Congress must really have meant.  Second, there is no reason to think Congress meant for this statute not to reach this conduct.  True enough, under these circumstances, T.B. probably suffered none of the consequences that often befall a victim of identity theft.  But a person whose name is fraudulently signed to a check surely could suffer such consequences.  Not everyone who is defrauded by means of a check bearing a person's signature readily concludes the person is innocent.  Being called to account for an instrument that appears to bear one's signature—but was actually signed by someone else without authority—is among the kinds of harm that the identity-theft statute was designed to reach.  In short, there is every reason to believe that Congress intended this statute to mean precisely what is says, at least as applied in this case.

For these reasons,

IT IS ORDERED:

Ms. Lewis's motion to dismiss, ECF No. 13, is DENIED.

SO ORDERED on September 1, 2010.

s/Robert L. Hinkle<br>United States District Judge